IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Irene Toth, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   No.  3:09-cv-0454-DRH-PMF |
| Phillips & Cohen Associates, Ltd., a New Jersey corporation, | ) ) ) ) |
|     Defendant. | )   <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Irene Toth, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; b) Plaintiff Toth resides here: and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Irene Toth ("Toth"), is a citizen of the State of Illinois, residing in the Southern District of Illinois, from whom Defendant attempted to collect delinquent consumer debts she owed for JC Penney and Old Navy credit cards.  Defendant demanded payment of these debts, despite the fact that Ms. Toth was represented by

the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debts it attempted to collect from Plaintiff.

5. From Defendant P&C's offices in New Jersey, it operates a nationwide debt collection business and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant P&C is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit A.

7. Moreover, Defendant P&C is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, attached as Exhibit B

**FACTUAL ALLEGATIONS**

8. Ms. Toth is an elderly woman who fell behind in paying her bills. Two such debts she was unable to pay were those she originally owed for Old Navy and JC Penney credit cards. Those accounts became delinquent, and eventually, Defendant P&C began collection actions relative to these debts. Accordingly, Ms. Toth sought the assistance of legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program -- a nationwide program to protect seniors and disabled persons in financial difficulties, where those persons have virtually no assets and their limited income is protected from collections.

9. On January 8, 2009 and April 17, 2009, Ms. Toth's attorney at LASPD wrote letters to Defendant P&C, advising P&C that Ms. Toth was represented by counsel as to the JC Penney debt, and directing P&C to cease contacting Ms. Toth, and to cease all further collection activities because Ms. Toth was forced, by her financial circumstances, to refuse to pay her unsecured debts. Copies of these letters, and the fax confirmations, are attached as Exhibits C and D, respectively.

10. On March 15, 2009 and April 17, 2009, Ms. Toth's attorney at LASPD wrote similar letters to Defendant P&C as to the Old Navy debt. Copies of these letters, and the fax confirmations, are attached as Exhibits E and F, respectively.

11. Nonetheless, Defendant P&C sent collection letters, dated May 2, 2009, directly to Ms. Toth, demanding payment of the JC Penney debt and Old Navy debts. Copies of these letters are attached as Exhibits G and H.

12. All of the collection actions complained of in this matter occurred within one year of the date of this Complaint.

13. Defendant P&C's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

14. Plaintiffs adopt and reallege ¶¶ 1-13.

15. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

16. Defendant knew that Plaintiff Toth was represented by counsel in connection with these debts because her attorneys had informed Defendant, in writing, that Plaintiff Toth was represented by counsel, and had directed Defendant to cease directly communicating with Plaintiff.  By directly contacting Plaintiff, via letters, despite being advised that Ms. Toth was represented by counsel, Defendant P&C violated § 1692c(a)(2) of the FDCPA.

17. Defendant P&C's violations of § 1692c(a)(2) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

18. Plaintiffs adopt and reallege ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

20. Here, Plaintiff Toth's LASPD attorney told Defendant P&C to cease communications, and that, because she could no longer afford to pay these debts, Ms. Toth was forced to refuse to pay same.  By continuing to communicate regarding these debts and demanding payment, Defendant P&C violated § 1692c(c) of the FDCPA.

4

21.   Defendant P&C's violations of § 1692c(c) of the FDCPA render it liable for damages, costs, and reasonable attorneys' fees.  <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Irene Toth, prays that this Court:

1.   Declare that Defendant P&C's debt collection practices violated the FDCPA;

2.   Enter judgment in favor of Plaintiff, and against Defendant P&C, for damages, costs, and reasonable attorneys' fees, as provided for by § 1692k(a) of the FDCPA; and,

3.   Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Irene Toth, demands trial by jury.

        Irene Toth,

        By: <u>/s/ David J. Philipps</u>
        One of Plaintiff's Attorneys

Dated:  June 15, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com